LIU, J., Concurring.
I join the court’s opinion. I also find much that is persuasive in Justice Werdegar’s concurrence. In my view, the court’s opinion and Justice Werdegar’s concurrence are not that far apart.
This case requires us to answer two questions. The first is whether a provision of a declaration of restrictions for a common interest development requiring arbitration of any construction defect disputes between a homeowners association and a developer can ever be enforceable against the association. The conceptual difficulty is that this provision defies easy categorization. *257 Both the court and Justice Werdegar acknowledge that there was no privity of contract between the homeowners association, Pinnacle Museum Tower Association, and the developer, Pinnacle Market Development, and that the provision is thus not a contractual arbitration agreement in the strict sense. (Maj. opn., ante, at p. 250; cone. opn. of Werdegar, J., ante, at p. 252.) Both appear to recognize that the provision is not one of the typical property restrictions running with the land that are enforceable as equitable servitudes. (Maj. opn., ante, at p. 242; cone. opn. of Werdegar, J., ante, at p. 252.)
Further, both acknowledge that the developer’s authorization to include such a provision arises primarily from the Davis-Stirling Common Interest Development Act (Davis-Stirling Act; Civ. Code, § 1350 et seq.). (Maj. opn., ante, at p. 242; cone. opn. of Werdegar, J., ante, at p. 254.) Justice Werdegar would locate that authorization in Civil Code sections 1353, subdivision (a) and 1354, subdivision (a) (all statutory references are to this code). Section 1353, subdivision (a) pertains to “restrictions on the use or enjoyment of any portion of the common interest development.” Because the arbitration provision in question does not neatly fit into that category, I agree with the court that authorization for the provision is more appropriately located in section 1353, subdivision (b): “The declaration may contain any other matters the original signator of the declaration or the owners consider appropriate.”
The court affirms that arbitration is binding only insofar as both parties consent in some fashion to the waiver of the right to a jury trial. Despite the fact that the homeowners association came into existence already bound by the arbitration provision, the court still finds the arbitration provision to be consensual: “There appears no question that, under the Davis-Stirling Act, each owner of a condominium unit either has expressly consented or is deemed by law to have agreed to the terms in a recorded declaration. As the exclusive members of an owners association, the owners have every right to expect that the association, in representing their collective interests, will abide by the agreed-upon covenants in the declaration, including any covenant to invoke binding arbitration as an expeditious and judicially favored method to resolve a construction dispute, in the absence of unreasonableness.” (Maj. opn., ante, at p. 241.)
I agree with Justice Werdegar that, in reality, it is doubtful that the presence of an arbitration clause was a salient feature of a home purchase transaction. (Cone. opn. of Werdegar, J., ante, at p. 253.) But I agree with the court that in the unique statutory context of the Davis-Stirling Act, the notice *258 of the arbitration provision given to homeowners who became the members of the homeowners association rendered the arbitration provision sufficiently consensual to legitimately bind the association.
Because these types of arbitration provisions may lawfully be applied to homeowners associations under the Davis-Stirling Act, the second question we are asked to address is whether the terms of this particular arbitration provision are lawful. I agree with Justice Werdegar that the proper inquiry is whether the terms of the provision are “unreasonable.” (§ 1354, subd. (a).) The inquiry under that statute, however, has been keyed to whether a property restriction has a “rational relationship to the protection, preservation, operation or purpose of the affected land.” (Nahrstedt v.' Lakeside Village Condominium Assn. (1994) 8 Cal.4th 361, 381 [33 Cal.Rptr.2d 63, 878 P.2d 1275].) Because what is at issue here is not a property restriction in the usual sense but rather an arbitration clause for resolving construction defect disputes, the court properly recognizes that the appropriate inquiry is whether the arbitration clause is unreasonably one-sided in favor of the party imposing the arbitration—that is, whether the arbitration clause is substantively unconscionable. The court is also correct in stating that “while a condominium declaration may perhaps be viewed as adhesive, a developer’s procedural compliance with the Davis-Stirling Act provides a sufficient basis for rejecting an association’s claim of procedural unconscionability.” (Maj. opn., ante, at p. 248.)
In sum, I understand today’s opinion to hold that whether or not the arbitration provision is contractual in the strict sense, it is appropriate in this case to use the substantive unconscionability inquiry from contract law to determine whether the arbitration clause is reasonable and hence lawful. With that understanding, I join the opinion of the court.